MOSES BALLOU, CHARLES H. ANGELL AND OTIS H. BALLOU, RESPONDENTS, v. WILLIAM H. PARSONS AND ARTHUR W. PARSONS, APPELLANTS.

*Action on contract — burden of proof — admissions in pleadings — cannot be contradicted — Amendment to pleadings — must be actually made — evidence of quality of goods.*

Where, in an action upon a contract, by which the plaintiff agreed to make for the defendants twenty-five tons of paper at eight cents per pound, which plaintiffs alleged that they had made and offered, and were at all times ready to deliver to defendants, who refused to receive it, the latter alleged that the paper was not of the required quality; *held*, that the burden of proving that the paper was of the quality required by the contract, rested upon the plaintiffs throughout the entire trial.

The complaint alleged that the plaintiffs offered to deliver the paper to the defendants, and had ever since been willing and ready so to do; the answer contained an averment that the defendants refused to accept the paper under the contract, and the reply contained substantially the same averment. *Held*, that a finding by the referee, even if sustained by the evidence, that the defendants had accepted the paper under the contract, could not be sustained, as it contradicted the admissions of the pleading.

Where a complaint alleges that the defendants have refused to accept certain goods, and the plaintiff, upon the trial, seeks to amend the same by alleging that they were accepted, he must, if the defendants so insist, actually amend the pleadings by inserting the requisite allegations, in order that the latter may answer the same if they desire so to do.

Upon the trial, the quality of the paper being in issue, witnesses were asked and allowed to answer against defendants' objection and exception, as to what degree of care was used in its manufacture. *Held*, that the evidence was inadmissible; that the quality of the paper when completed, and not the amount of care used in its manufacture, was the question before the court.

APPEAL from a judgment in favor of the plaintiffs, entered on the report of a referee.

The complaint is in assumpsit and contains two counts. The first is for twenty-five tons of hanging paper, alleged to have been sold and delivered at the agreed price of eight cents per pound; the second is on contract to make for the defendants twenty-five tons of hanging paper at the price of eight cents per pound to be paid on delivery, and it is averred that the plaintiffs made the paper and offered to deliver it to the defendants and were at all times ready to deliver it as agreed.

To the first count the defendants interposed a general denial, and to the second they set up the special contract and averred a breach in this, that the paper was not delivered within the time agreed upon for its delivery, and was defective in quality, and that they refused to accept it on the contract and offered to return it.

In reply the plaintiffs averred that the contract was a contract to manufacture and deliver according to sample, and that they made the paper and delivered it as agreed, but that the defendants refused to accept it on the contract, although they ultimately received it and appropriated it to their own use. The answer and reply were verified.

Evidence was given *pro* and *con* as to all the matters in issue. The referee found for the plaintiffs for the full amount claimed. Judgment being entered the defendants appealed to the General Term.

*U. G. Paris*, for the appellants.

*D. A. Boies* and *A. D. Wait*, for the respondents.

BOCKES, J.

The recovery was allowed on the special contract to manufacture twenty-five tons of hanging paper, of a specified quality, at the price of eight cents per pound, payable on the delivery of the goods. The parties were at issue on the pleadings as to all the material facts of the case, hence it was incumbent on the plaintiffs, as a prerequisite to a recovery for the full contract-price, to establish the contract and show its performance on their part, or what in law would be an equivalent to performance, an acceptance of the property by the defendants in performance thereof. This the plaintiffs assumed to do ; and they gave evidence in that regard, which they deemed sufficient to sustain a recovery, and rested the case. Thereupon the defendants moved for a nonsuit, on the ground, among others, in substance, that the paper proved to have been manufactured and sent to them, was inferior in quality to that called for by the contract ; and that they had refused to accept it in performance of the contract for that reason. The referee denied the motion and ruled as follows : " That as to the quality of the paper, the defendants had the affirmative of the issue ; and that the plaintiffs might answer the

evidence of the defendants on that issue." In this ruling, to which exception was interposed, I am of the opinion the referee was in error. The plaintiffs could not lawfully recover *for the full sum agreed to be paid*, without proving performance of the contract on their part. There was no waiver of performance by the defendants in any respect, either on the pleadings or during the trial. It was therefore incumbent on the plaintiffs, in order to a full recovery, to establish the fact that the paper manufactured for the defendants was of the quality agreed upon by the parties. The affirmative of this issue was with the plaintiffs at all times to the end of the trial; so long as the defense was insisted on, it would remain with the plaintiffs to establish the fact that the paper was such in quality as the contract called for ; and as to this the affirmative would continue with the plaintiffs, whatever might be the state of the proof. Proof that the defendants had accepted the property, would support or tend to support the plaintiffs in the affirmative of the issue, the maintenance of which rested on them. But the issue between the parties would remain the same, and the affirmative of the issue would continue with the plaintiffs. It was therefore error to hold as matter of law, all material facts being in issue between the parties, and the action being one based on an executory contract, that the defendants had the affirmative of the issue as to the quality of the paper sent them under the contract.

The referee found as matter of fact that the paper was accepted by the defendants on the contract, excepting the last parcel of 9,844¼ pounds, and that said latter quantity was delivered or tendered to them. The defendants insist that the finding as to an acceptance of the paper on the contract, is against the averments of the parties in the pleadings and contrary to the evidence. The complaint does not aver either delivery or acceptance, but charges only that they "*offered* to deliver * * * and have ever since been ready and willing so to do." In the defendants' answer there is an averment that they refused to accept the paper under or in performance of the contract, and the plaintiffs in their reply substantially reiterate this averment. They then state that as to the first parcels forwarded, the defendants wrote them that they "would not accept it on the contract," and as to the last parcel the averment is that they tendered it to the defendants, but "they refused to receive the same upon the

contract." Thus stands the case on the pleadings as regards the *acceptance* by the defendants of the paper under the contract, and it may be here added that the proof is in almost exact accordance with these sworn averments in the pleadings. It seems, therefore, that the finding of fact that the paper (excepting the last parcel forwarded) was accepted by the defendants under the agreement, is against the averments in the pleadings as there made by both parties. If it be suggested that an amendment of the pleadings was allowed, it must be answered that it nowhere appears that there was an amendment, changing the record as to this averment of fact made by both parties. The referee held that he would allow an amendment of the complaint to correspond with the case made by the evidence. In the first place it does not appear that the evidence would establish an unqualified acceptance of the paper by the defendants on the contract. But it does not appear that any amendment whatever was in fact made. The pleadings now stand as originally put in, unamended, and this too, notwithstanding the repeated and urgent protests of the defendants, who insisted with the utmost pertinacity, that if there was to be an amendment it should be made so that they might have knowledge of the case they were required to meet. The defendants had a right to know certainly before the case was closed on the proof, in what respect the pleading of the plaintiffs was to be amended, as they would have the right to answer the amended pleading. This right was absolute in case the issues were to be changed in any material respect, as by changing or striking out averments already made. Such an amendment would be more than a mere formality; more than merely making the pleading to conform to the proof, without any change of the pleading in its substance and general scope. Judge SMITH well remarks, in *Wright* v. *Delafield* (25 N. Y., 266, 270), that "the whole scope of these provisions of the Code, in respect to pleadings and amendments thereof, implies that all the material allegations of the plaintiff or defendant shall be spread upon the record; shall be actually inserted in the pleadings, and when variances are disregarded, it is upon the principle that they may be amended *nunc pro tunc* at the trial, and the court will so order to perfect the record so that it shall show the question really litigated and decided." He adds: "The principle still remains that the judgment to be rendered by any court must be *secundum alle-*

*gata et probata;* and this rule cannot be departed from without inextricable confusion and uncertainty, and mischief in the administration of justice." Now, in the case at bar, no amendment of the plaintiff's pleading was in fact made; nor does it appear in what particular an amendment was desired or deemed necessary. It was not suggested on the trial, as we can discover, that any change was to be made, as to the averment actually inserted in the plaintiff's pleading, to the effect that there was no acceptance of the paper by the defendants, on the contract. It stood a matter of absolute verity on the record as made up by the parties themselves, and in fact still remains there, that the defendants did not accept the goods on the contract. The finding of the referee, therefore, against the record, even if the proof would have sustained the finding, was error; for the averment having been made by both parties in the pleadings, it was not open to contradiction by proof. And it may be here added, that for aught that appears, the decision of the case by the referee was based very much, if not entirely, on his findings of fact in that regard.

There seems also to be an insurmountable difficulty in the case on the admission of evidence. The important and almost sole question litigated before the referee was, on the issue as to the quality of the paper manufactured and sent to the defendants under the contract, whether it answered the requirements of the contract made between the parties. A very great proportion of the evidence given on the trial bore on this issue. In order to strengthen their case, the plaintiffs gave evidence, against objection, to the effect that the workmen employed in the manufacture of the paper, exercised due care and diligence in that regard. The following questions were allowed, to wit: What care was taken in the manufacture of the last twenty-five tons compared with the first twenty-five tons? What degree of care was used in the manufacture of the last lot of paper? What degree of care was used in the manufacture of this paper? Answers were given by the witnesses respectively as follows: It was very carefully manufactured. So far as I saw it was manufactured with the utmost care. More care was taken with it than with the first lot. This evidence was manifestly improper. The subject of examination was not whether care and diligence were observed in its manufacture, but whether the paper in fact, when manufactured,

answered the requirements of the contract made by the parties. No matter whether due care was or was not exercised in its manufacture, if the paper came out right according to the contract, and due care would not help the case, if even with due care the paper was not what the plaintiffs had agreed to make and deliver. What was the quality of the paper in point of fact, was the question. If it did not answer the conditions of the contract, the defendants were not bound to accept or pay for it, however great had been the care exercised in its manufacture. This evidence was improperly allowed.

There are other grounds of error urged by the appellants, besides those above considered; but the conclusion here reached renders their examination unnecessary. It follows that the judgment must be reversed.

A few words of a general character may not be here out of place, with a view to a retrial. The case is not complicated either on the law or the facts, as disclosed on the trial before the referee. On the undisputed facts, with a complaint containing the proper averments, it seems that the plaintiffs are entitled to recover (1) the full amount of $4,000 and interest, in case it shall be established by them that they fully performed the contract, on their part, to make and deliver twenty-five tons of paper of the quality required by its terms; or (2), if of inferior quality to what was agreed upon, then the contract-price, less the difference between such contract-price and its market value, at the time and place it was received and used by the defendants.

This latter rule of liability grows out of the fact, that the defendants, although refusing to accept the paper on or in performance of the contract, yet received and used or sold it. If the paper was not of the quality agreed upon, they might refuse to receive it, in which case no recovery could be had against them. But if they receive and use the paper, they are bound to pay for it at its value, measured by a just rule of estimate.

Judgment reversed, new trial granted, with costs to abide the event, and reference discharged.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Judgment reversed and new trial granted, costs to abide event, and reference discharged.